IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUAN CARRASCO, on behalf of<br>himself and other persons similarly situated, | ) | CIVIL ACTION NO. |
| | ) | |
| *Plaintiff*, | ) | JUDGE |
| v. | ) | |
| | ) | MAG. JUDGE |
| DEMOINE DECLOUETTE, | ) | |
| | ) | |
| | ) | |
| *Defendant*. | ) | |

_____

## COLLECTIVE ACTION COMPLAINT
## JURY TRIAL DEMANDED

_____

Plaintiff Juan Carrasco through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendant Demoine Declouette.

## <u>NATURE OF THE ACTION</u>

1.      This is an action by Juan Carrasco ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages.  Plaintiff was employed as a manual laborer by Defendant Demoine Declouette ("Defendant").  While working for the Defendant, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2.      Plaintiff seeks to recover from Defendant unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendant during the past three years. 29 U.S.C. § 216(b).   Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3.      The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Juan Carrasco

5.      Plaintiff is a resident of Louisiana.

6.      Plaintiff was hired by Defendant in approximately April 2012.

7.      Plaintiff worked for Defendant in Louisiana. Defendant employed several other manual laborers at his jobsites simultaneously.

8.      Plaintiff worked as a construction worker. In connection therewith Plaintiff performed manual labor, including but not limited to: mixing concrete, cutting construction materials, lifting and placing cinder blocks, sweeping and cleaning the jobsite.

9.      Defendant paid Plaintiff $120.00 per day. For every hour that he worked in excess of forty in any particular week he was still only paid $120.00 per day.

10.     At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Demoine Declouette

11.     Defendant Demoine Declouette ("Defendant") maintains a construction company operating out of Rayne, Louisiana.

12.     Defendant is in the business of performing general residential construction, including painting, roofing, tiling, pouring concrete, and other handyman work in southwestern Louisiana.

13.     Defendant supervised the day to day work activities of the Plaintiff.

14.     Defendant determined Plaintiff's work schedule for the employment at issue herein.

15.     Defendant maintains an employment file for the Plaintiff.

16.     At all pertinent times herein Defendant had the authority to hire and fire his employees, including the Plaintiff herein.

17.     At all pertinent times herein Defendant maintained executive authority over the jobs his employees were provided, including the location, duration, and rate-of-pay for those jobs.

18.     Defendant's construction company is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

19.     Defendant's construction company is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

20.     Defendant is in the business of performing general residential construction, including painting, roofing, tiling, pouring concrete, and other handyman work in southwestern Louisiana.  Defendant employs several manual laborers at various job sites simultaneously.

21.     Defendant paid Plaintiff by check.

22.     Plaintiff normally worked more than (40) hours a week for the Defendant. Defendant often required Plaintiff to work six days per week.

3

23.     Defendant never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

24.     Defendant willfully violated Plaintiff's rights under the FLSA because Defendant knew or showed reckless disregard for the fact that his compensation practices violated the FLSA. Defendant was and is aware of the custom and practice of overtime pay from his experience and expertise in the industry in which he works.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

25.     Defendant paid the named Plaintiff and other similarly situated employees at an hourly rate for work performed.

26.     Defendant treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

27.     When the named Plaintiff and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

<u>**COUNT I**</u>
<u>**Fair Labor Standards Act – FLSA Overtime Class**</u>

28.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

29.     Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendant who are or have been employed by Defendant during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

4

30.     Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least May 2013 and continuing until the present.

31.     As a consequence of Defendant's FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendant and issue an order:

a.  Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b.  Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c.  Declaring that Defendant's conduct violated the FLSA;

d.  Enjoining Defendant from violating the FLSA's overtime and minimum wage provisions;

e.  Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g.  Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

June 21, 2016

**Respectfully submitted,**

/s/ Roberto Luis Costales

_____
Roberto Luis Costales
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33696
Telephone: (504) 534-5005
Facsimile:  (504) 272-2956
costaleslawoffice@gmail.com

/s/ William H. Beaumont

_____
William H. Beaumont
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33005
Telephone: (504) 483-8008
whbeaumont@gmail.com

/s/ Emily A. Westermeier

_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
emily.costaleslawoffice@gmail.com

Attorneys for Plaintiff